108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Errol H. VAN EATON, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 96-70311.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Errol H. Van Eaton petitions for review from the National Transportation Safety Board's ("NTSB") decision affirming the administrative law judge's ("ALJ") decisional order granting summary judgment for the Administrator ("Administrator") of the Federal Aviation Administration ("FAA"). The Administrator had issued an Emergency Order of Revocation, revoking Van Eaton's airline transport certificate, flight instructor certificate, mechanic certificate, and ground instructor certificate, based upon a determination that Van Eaton violated 14 C.F.R. § 61.59(a)[1] and 61.151(b).[2] We have jurisdiction pursuant to 49 U.S.C. §§ 1153(a) and 44709(f). We deny the petition.
 
 A. Background
 
 3
 On May 10, 1995, the Administrator issued an Emergency Order of Revocation. The Administrator alleged that on November 18, 1992, February 28, 1993, and March 18, 1993, Van Eaton made fraudulent or intentionally false representations with respect to certain rating applications. Van Eaton filed a notice of appeal from this order. On August 3, 1995, the ALJ granted summary judgment for the Administrator. The ALJ held that summary judgment was proper for all three of the incidents alleged by the Administrator. After having his motion for reconsideration denied by the ALJ, Van Eaton appealed to the NTSB.
 
 
 4
 The NTSB denied Van Eaton's appeal and affirmed the ALJ's revocation of his airman certificates. The NTSB held that summary judgment was improper with respect to the allegations of falsification on November 18, 1992 and February 28, 1993. The NTSB, however, held that summary judgment was proper for the March 12, 1993 allegation, as well as the section 61.151(b) allegation that Van Eaton lacked the good moral character to be eligible for an airline transport pilot certificate.
 
 B. Discussion
 
 5
 Van Eaton contends that the NTSB erred by holding that he made an intentionally false statement on his Form 8710-1, Airman Rating Application, when he applied for a SK-64 aircraft rating based upon military competence.[3] This contention lacks merit.
 
 
 6
 In Hart v. McLucas, 535 F.2d 516, 519 (9th Cir.1976), we set forth the elements for an intentional false statement under 14 C.F.R. 61.59(a). They are: (1) a false representation; (2) in reference to a material fact; (3) made with knowledge of its falsity. Id. Van Eaton takes issue with the knowledge element. It is undisputed that the rating application form submitted by Van Eaton falsely states that Van Eaton had flown at least ten hours in a CH-54A aircraft during the previous twelve months. In moving for summary judgment, the Administrator set forth evidence showing that Van Eaton had not flown the aircraft within twelve months. Van Eaton failed to submit any contradictory evidence creating a genuine issue of material fact with respect to the falsification of his application. Accordingly, the NTSB did not err denying Van Eaton's appeal.
 
 
 7
 Van Eaton also contends that the NTSB erred by upholding the Administrator's decision that Van Eaton lacked the good moral character that is required to hold an airline transport pilot certificate. See 14 C.F.R. § 61.151(b). In addition to intentionally providing false information in his rating application, Van Eaton was also a FAA aviation safety inspector, a position of public trust, who had an obligation to enforce the very requirements that he failed to comply with. Accordingly, the record supports the Administrator's decision that Van Eaton lacked the good moral character to hold an airline transport certificate. See Administrator v. Konski, 5 N.T.S.B. 275 (1985).
 
 
 8
 Finally, Van Eaton contends that revocation of his airman certificates is too harsh of a penalty. Under 49 U.S.C. § 44709(b)(1)(A), any certificate held by an airman may be suspended or revoked if "[t]he Administrator decides after conducting a reinspection, reexamination, or other investigation that safety in air commerce or air transportation and the public interest require that action...." 49 U.S.C. § 44709(b)(1)(A). In determining whether a particular sanction is appropriate, the relevant inquiry is whether the penalty is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Go Leasing, Inc. v. National Transp. Safety Bd., 800 F.2d 1514, 1518 (9th Cir.1986) (internal quotation marks deleted). Because the FAA operates under a specific policy of mandating uniformity of sanctions, in deciding whether a particular sanction is arbitrary and capricious this court considers whether the sanction has been imposed in the past for similar violations. See Essery v. Department of Transp., 857 F.2d 1286, 1291 (9th Cir.1988). The sole pertinent question, it follows, is whether the penalty was consistent with prior NTSB decisions. See id. There is ample NTSB precedent supporting the revocation of licenses on the grounds of intentional falsification. See Administrator v. Rice, 5 N.T.S.B. 2285, (1987) ("[O]ne intentionally false log entry would be sufficient, in and of itself, to warrant revocation."); Administrator v. Tur, 7 N.T.S.B. 1354 (1991); Administrator v. Berry, 6 N.T.S.B. 185 (1988); see also Olsen v. National Transp. Safety Bd., 14 F.3d 471, 476 (9th Cir.1994) (revocation justified by mechanic's intentionally false logbook entry regarding tachometer); Erickson v. National Transp. Safety Bd., 758 F.2d 285, 290 (8th Cir.1985). Accordingly, the sanction of revocation was proper.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 14 C.F.R. § 61.59(a)(1) provides:
 (a) No person may make or cause to be made--
 (1) Any fraudulent or intentionally false statement on any application for a certificate, rating, or duplicate thereof, issued under this part....
 
 
 [2]
 14 C.F.R. § 61.151(b) provides:
 To be eligible for an airline transport pilot certificate, a person must--
 * * *
 (b) Be of good moral character....
 
 
 [3]
 In his March 18, 1993 application, Van Eaton represented that he had flown at least ten hours as a pilot in command of a CH-54A aircraft during the past twelve months. The Administrator alleged that the representation was fraudulent or intentionally false because Van Eaton had not flown ten hours as a pilot in command during the last twelve months